HEIRS OF FRANCISCO MARÍA FRANCESCHI, ETC., Appellants, v. REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 856.  Argued November 2, 1931.—Decided November 17, 1931.

*López de Tord & Zayas Pizarro* for appellants. The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the Court.

Lorenzo Dragoni bought a farm and executed a mortgage. The deed of conveyance and the mortgage were embodied in a single instrument. Dragoni presented the deed for record. On presentation of the instrument the registrar noted the fact that no record of the mortgage was requested. The entry subsequently made contained the following statement: "The document includes a mortgage in favor of Francisco María Franceschi, of which no record is requested."

. Later in the same entry the document referred to is identified as follows: "The foregoing appears from the registry and from a copy of deed number 28, executed in Ponce on the 19th of February, 1927, before notary Francisco Parra Capó, and filed in this office at 10: 10 a.m. of May 31 ult., as shown by the entry of presentation at page 195 of volume 143 of the journal."

Dragoni then conveyed the property to Andrés Grillasca, and the deed was recorded. The record entry does not indicate that the instrument contained the usual clause concerning outstanding liens. It does show that the purchaser assumed liability only for such encumbrances as had been previously recorded.

On the same day Grillasca executed a promissory note for $15,000 payable to bearer and a mortgage to secure the payment thereof. This mortgage was also recorded in the registry of property. If the instrument made any mention

of preëxisting liens, that fact does not appear from the record entry.

Grillasca then executed a lease for ten years in favor of María Dragoni y Dragoni. The only preëxisting lien mentioned in the agreement of lease was a mortgage in favor of the indorsee of a certain promissory note said to have been indorsed to some unidentified third person.

Thereafter the registrar refused to record the mortgage first above mentioned because the same had not been expressly mentioned in the record entry as a charge upon the property when the deed of conveyance was recorded and the property itself had been transferred in the meanwhile and again encumbered.

In the absence of any brief for the registrar and of anything more specific than his statement that the mortgage had not been expressly mentioned when the deed of conveyance was recorded, we are somewhat at a loss to account for that statement. Our conclusion is that the mortgage was expressly mentioned and that, upon the authority of *Bello et al* v. *Registrar of Arecibo,* 31 P.R.R. 112, and *Monserrate* v. *Registrar of Guayama,* Id. 752, the ruling appealed from must be reversed.